NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD A. KATZ, IN HIS CAPACITY AS DEBTOR REPRESENTATIVE AND LIQUIDATING TRUSTEE, OF THE ESTATE HUDSON HEALTHCARE, INC., | Civil Case No. 13-1726 (FSH) |
| Plaintiff, | **OPINION & ORDER** |
| v. | Date: November 4, 2013 |
| HARVEY HOLZBERG, et al., | |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendants Fred Desanti, Andrew Greene, Anthony Leitner, and Spiros Hatiras's ("the HHI Board Defendants") Motion to Dismiss the Amended Cross-Claims of Defendants McEnerney, Brady & Company, LLC, Hodulik & Morrison, P.A., and David Roberts (Dkt. No. 113). The Court has reviewed the submissions of the parties and considers the motions on the papers pursuant to Federal Rule of Civil Procedure 78.

**I.   BACKGROUND[1]**

Plaintiff, Bernard A. Katz, in his capacity as Debtor Representative and Liquidating Trustee of the estate of Hudson Healthcare, Inc. ("HHI" or the "Debtor"), brought this action

---

[1] A more detailed factual background may be found in the Court's prior Opinion addressing the Former Authority Board Members (Dkt. No. 114).

against several parties for alleged injuries caused to HHI and its creditors. The allegations by Plaintiff against the HHI Board Defendants, Hodulik & Morrison, P.A. ("H&M") and McEnerney, Brady & Company, LLC ("McEnerney") are relevant to the present motion to dismiss. Plaintiff alleges that H&M and McEnerney both committed accountant malpractice— H&M with respect to its audit of HHI's 2007 and 2008 financial statements and McEnerney with respect to its audit of HHI's 2009 financial statements. (Dkt. No. 1, Counts IX and X.) Plaintiff alleges that these failures caused HHI damage by allowing HHI to continue to operate and accrue expenses it was unable to pay, deepening its insolvency. (*Id.*) Plaintiff alleges that the HHI Board Defendants breached their fiduciary duties to HHI between 2007 and 2010 by, *inter alia*, failing to hold regular board meetings, failing to require regular document financial reporting, and wasting corporate assets by continuing to pay Defendant DiVito even after firing him. (Dkt. No. 1, Counts III and V.) Plaintiff alleges that this breach of fiduciary duty allowed the hospital to continue operating at a substantial loss, permitted HHI's insolvency to deepen, and caused HHI to accrue liabilities that it was unable to satisfy. (*Id.*)

At issue are cross-claims for indemnification and contribution filed by Defendants McEnerney, H&M, and David Roberts ("Roberts") against the HHI Board Defendants. Roberts and McEnerney have not filed oppositions to the HHI Board Defendants' motion to dismiss their cross claims.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires

a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original).

### III. DISCUSSION

The HHI Board Defendants move to dismiss the indemnification and contribution cross-claims of Defendants Roberts, McEnerney, and H&M. The HHI Board Defendants argue that

the indemnification cross-claims should be dismissed for two reasons: (1) no "special legal relationship" exists among the HHI Board Defendants and the cross-claimants, and (2) the cross-claimants cannot be passively or vicariously liable to Plaintiff and, therefore, cannot seek indemnification. The HHI Board Defendants argue that the contribution cross-claims should be dismissed for two reasons: (1) there is no joint tortfeasor liability among the cross-claimants and the HHI Board Defendants, and (2) the HHI Board Defendants and the cross-claimants are not responsible for the "same injury" to Plaintiff. The Court addresses the cross-claimants separately below.

### a. H&M's Cross-Claims

H&M is the only defendant that opposes the HHI Board Defendants' motion to dismiss these cross-claims for indemnification and contribution. H&M argues that a special legal relationship exists between H&M and the HHI Board Defendants such that a cross-claim for indemnification is properly pled. It also argues that its amended cross-claim for contribution pleads sufficient facts to support the allegation that the HHI Board Defendants are joint tortfeasors with H&M.

#### i. Indemnification

"Indemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." *Allied Corp. v. Frola*, 730 F. Supp. 626, 639 (D.N.J. 1990); *see also Ferriola v. Stanley Fastening Sys., L.P.*, Civ. No. 04-4043, 2007 WL 2261564, at *2 (D.N.J. Aug. 1, 2007); *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 103 N.J. 177, 189 (1986). But a party is only entitled to indemnification if they are without fault or their liability is purely constructive, secondary, or vicarious. *Allied*, 730 F. Supp. at 639; *see*

*also Ramos*, 103 N.J. at 189-91 ("As a general rule, a third party may recover on a theory of implied indemnity from an employer only when a special legal relationship exists between the employer and the third party, and the liability of the third party is vicarious.").

For a relationship to be a "special legal relationship," it must be "sufficient to impose certain duties and [such that] a subsequent breach of those duties [] permits an implied indemnification." *Ruvolo v. U. S. Steel Corp.*, 133 N.J. Super. 362, 367 (Ch. Div. 1975). "Examples of the special relationship that will support a third party's claim for indemnification include that of principal and agent, bailor and bailee, and lessor and lessee." *Ramos*, 103 N.J. at 189 (internal citations omitted). Indeed, "implied indemnification by way of a special relationship is a 'narrow doctrine' that is not frequently stretched beyond the examples of principal-agent, employer-employee, lessor-lessee, and bailor-bailee." *SGS U.S. Testing Co., Inc. v. Takata Corp.*, Civ. No. 09-6007, 2012 WL 3018262, at *5 (D.N.J. July 24, 2012).

H&M does not allege that the HHI Board Defendants have express indemnification obligations through a contract between the parties. Instead, H&M alleges that a special legal relationship existed between H&M and the HHI Board Defendants due to duties and obligations between the parties. (Dkt. No. 101, ¶ 93.) Specifically, H&M alleges the following: (1) pursuant to an agreement with H&M, the HHI Board Defendants were required to establish and maintain effective internal controls (including monitoring ongoing activities), were responsible for the fair presentation in the financial statements of the financial position, were responsible for changes in financial position and cash flows in conformity with U.S. generally accepted accounting principles, were responsible for evaluating the adequacy of the results of H&M's services, and accepting responsibility for those services (Dkt. No. 101, ¶ 91); and (2) the HHI Board Defendants owed a duty to H&M whereby they were responsible for making all financial

records and related information available to H&M and for the accuracy and completeness of that information, adjusting the financial statements to correct material misstatements, for the design and implementation of programs and controls to prevent and detect fraud, for informing H&M about all known or suspected fraud or illegal acts affecting HHI, and ensuring that HHI complies with applicable laws and regulations (Dkt. No. 101, ¶ 92).[2]

H&M argues that its contract with HHI[3] to provide audit services created the required "special legal relationship" for implied indemnification. Auditor-auditee is not one of the four traditional relationships that qualify as "special legal relationships" under New Jersey law. *See SGS U.S. Testing*, 2012 WL 3018262, at *5 (listing principal-agent, employer-employee, lessor-lessee, and bailor-bailee as the traditional relationships). This relationship is more closely analogous to the vendor-vendee relationship that has been rejected by New Jersey courts.[4] *Ramos*, 103 N.J. at 189; *see also Mayorga v. Russo Family Ltd. P'ship*, Civ. No. A-2124-09T3, 2010 WL 2471419, at *3 (N.J. Super. Ct. App. Div. June 21, 2010); *Robinson v. Rheon Automatic Mach. Co., Ltd.*, Civ. No. 10-1916, 2011 WL 832241, *2-*3 (D.N.J. Mar. 3, 2011). Specifically, the fact that HHI contracted with H&M to conduct auditing services does not imply that there was a "special legal relationship" between the HHI Board Defendants and H&M such that implied indemnification should exist. Even assuming, without deciding, that there was a contract directly between the HHI Board Defendants and H&M, the mere presence of a contractual relationship is not enough, by itself, to establish the "special legal relationship,"

---

[2] Although these duties are disputed by the parties, the Court will accept them as true for purposes of evaluating this motion to dismiss H&M's cross-claims.

[3] The parties dispute whether the contract was between HHI and H&M or the HHI Board Defendants and H&M.

[4] Courts have also rejected the argument that a "longstanding business relationship" can support a "special legal relationship." *SGS U.S. Testing Co.*, 2012 WL 3018262, at *5.

whereby an implied right of indemnification might arise. *Miller v. Hall Bldg. Corp.*, 210 N.J. Super. 248, 251 (Ch. Div. 1985). Notably, H&M has failed to cite a single case where an auditor-auditee relationship was found to be a "special legal relationship" such that an implied right of indemnification existed. This is not surprising, as such an implied right of indemnification would create negative incentives for auditors, create a moral hazard, and undermine the very purpose of an audit. Without the presence of a "special legal relationship," H&M's cross-claim for indemnification must be dismissed.

The HHI Board Defendants also argue that H&M's cross-claim for indemnification should be dismissed because H&M cannot be passively or vicariously liable to Plaintiff for the claims asserted against them. As noted above, in order to state a claim for implied indemnification, the cross-claimant must be without fault. *Ramos*, 103 N.J. at 188-89. Plaintiff's claim against H&M is based on accountant malpractice. (*See* Dkt. No. 1, Count IX.) In order to prove a claim for accountant malpractice, Plaintiff "must prove the applicable standard of care, that a deviation has occurred, and that the deviation proximately caused the injury." *Verdicchio v. Ricca*, 179 N.J. 1, 23 (2004) (internal citations omitted). Thus, to incur liability under the complaint, H&M would have to be found at fault. Under these circumstances, H&M is precluded from claiming indemnity on the basis of vicarious or constructive liability. *See In re Tarragon Corp.*, Civ. No. 09-10555, 2010 WL 3928496, *5 (Bankr. D.N.J. Oct. 1, 2010) ("To incur liability under the Association's complaint would necessitate a finding of fault. Thus, the Third-Party Plaintiffs are precluded from indemnity on grounds of vicarious or constructive liability."); *see also New Jersey Office Supply, Inc. v. Feldman*, Civ. No. 89-3990, 1990 WL 74477, at *4 (D.N.J. June 4, 1990) (rejecting a claim of indemnification on the basis that to be found liable for fraud, conversion, or breach of fiduciary duty there would necessarily

be a finding of intentional wrongdoing); *Arcell v. Ashland Chem. Co., Inc.*, 152 N.J. Super. 471, 493 (Ch. Div. 1977) ("Defendants' liability, if any, cannot be viewed as constructive, vicarious or imputive. It is primary and they will be held responsible only for their own conduct. Their allegations of various derelictions by [another party] may well provide them with a defense, but these allegations cannot serve as a basis for a claim of indemnification."). H&M's conclusory statement that their liability would be secondary or vicarious without factual support need not be accepted by the Court. *Iqbal*, 129 S. Ct. at 1949. H&M's cross-claim must be dismissed on this separate and independent ground.[5]

## ii. Contribution

The HHI Board Defendants move to dismiss H&M's cross-claim for contribution for two reasons. First, the HHI Board Defendants argue that they are not joint tortfeasors with H&M. Second, the HHI Board Defendants argue that they did not cause the same injury.

Under the New Jersey Joint Tortfeasors Contribution Law ("JTCL"), liability for contribution exists among "joint tortfeasors." N.J.S.A. § 2A:53A-2 ("The right of contribution exists among joint tortfeasors."). The act defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property." N.J.S.A. § 2A:53A-1. "[T]he very essence of the action of contribution is common liability." *Tomkovich v. Pub. Serv. Coordinated Transp.*, 61 N.J. Super. 270, 274 (App. Div. 1960) (internal quotation marks omitted). Moreover, "the true test [for joint tortfeasor contribution] is joint liability and *not* joint, common or concurrent negligence." *Cherry Hill Manor Associates v. Paul Faugno, Rogan & Faugno, Harleysville Ins. Co. of New Jersey*, 182 N.J. 64, 72 (2004) (emphasis in original); *see also Markey v. Skog*, 129 N.J. Super. 192, 200 (Law Div. 1974) ("It is common liability at the

---

[5] Indeed, H&M failed to respond to the HHI Board Defendants' arguments with respect to vicarious liability at all.

time of the accrual of plaintiff's cause of action which is the Sine qua non of defendant's contribution right."). "Where the pleadings show separate torts, severable as to time and breaching different duties, rather than a joint tort, dismissal of the third-party action is appropriate." *Finderne Mgmt. Co., Inc. v. Barrett*, 355 N.J. Super. 197, 208 (App. Div. 2002). But there is no requirement that the parties be liable for the same tort. *See Cartel Capital Corp. v. Fireco of New Jersey*, 81 N.J. 548, 566-67 (1980).

In order to trigger the provisions of the JTCL, the act of the alleged joint tortfeasor must have also resulted in the "same injury." *Cherry Hill*, 182 N.J. at 74. "[T]he term 'same injury' in its definition of joint tortfeasor relate[s] to the harm the tort victim suffered and not to the cumulative damages the tort victim sustained as a result of multiple disparate injuries caused by multiple tortfeasors." *Id.*, at 75; *see also Finderne Mgmt. Co.*, 355 N.J. Super. at 209 (rejecting the argument that the cross-claim defendant aggravated the alleged losses thereby creating a single economic loss as the "same injury").

Although Plaintiff's allegations against the HHI Board Defendants and H&M differ, there is no requirement that the parties be liable for the same tort in order to state a claim for contribution. *See Cartel Capital*, 81 N.J. at 566-67. It is possible that H&M may be able to show that the HHI Board Defendants are joint tortfeasors responsible for the same alleged injury to Plaintiff.[6] Indeed, their alleged tortious acts overlap in time and are alleged to have caused the

---

[6] The HHI Board Defendants argue that if the parties commit different torts, they cannot be "joint tortfeasors." As support for this proposition, they cite the following cases: *Ciemniecki v. Parker McCay P.A.*, Civ. No. 09-6450, 2010 WL 4746214 (D.N.J. Nov. 15, 2010); *Brunetti v. Bocra*, No. L-234-07, 2009 WL 2844405 (N.J. Law Div. Aug. 18, 2009); *Mathis v. Camden Cnty.*, Civ. No. 08-6129, 2009 WL 4667094 (D.N.J. Dec. 3, 2009); *Finderne*, 355 N.J. Super. at 209; *Prospect Ashley Condo. Ass'n, Inc. v. Lookout Builders, Inc.*, A-2494-06T5, 2008 WL 108178 (N.J. Super. Ct. App. Div. Jan. 11, 2008). First, this proposition is wrong as a matter of law. Parties can be joint tortfeasors even if they are accused of committing different torts. *See Cartel Capital*, 81 N.J. at 566-67. Second, all of the cases the HHI Board Defendants rely on are

same injury, to wit, the deepening of HHI's insolvency and its inability to satisfy its liabilities. (Dkt. No. 1, Count III and Count IX.) Under the facts as alleged, H&M states a claim for relief that is plausible on its face, and the HHI Board Defendants' motion to dismiss H&M's cross-claim for contribution is denied.

### b. McEnerney's Cross-Claims

Defendant McEnerney failed to oppose the HHI Board Defendants' motion to dismiss its amended cross-claims.

#### *i. Indemnification*

McEnerney's cross-claim for indemnification fails to provide anything more than bare conclusions and a recitation of legal elements. (*See* Dkt. No. 103, ¶ 10.) This is not enough to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949; *see also Ciemniecki*, 2010 WL 4746214, at *5-*6 (dismissing a similar cross-claim for indemnification); *Ford Motor Co. v. Edgewood Properties, Inc.*, Civ. No. 06-1278, 2008 WL 4559770, at *18 (D.N.J. Oct. 8, 2008) (same); *Mathis*, 2009 WL 4667094, at *12 (same).

McEnerney's vague statement that "[McEnerney] is also entitled to indemnification and contribution pursuant to any applicable contracts or agreements between the parties" does not provide facts to raise McEnerney's cross-claims to the level of "plausible" on the face of the cross-claim. *Iqbal*, 129 S. Ct. at 1949; s*ee also Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc.*, Civ. No. 07-3827, 2010 WL 1379751, at *6 (D.N.J. Mar. 30, 2010). This allegation

---

distinguishable because they involve torts that were separable in time or involve torts that caused different injuries. *See Ciemniecki*, 2010 WL 4746214, at *4-*5 (noting there were different injuries, that the cross-claim lacked factual support, and dismissing without prejudice); *Brunetti*, 2009 WL 2844405, at *7 (noting the torts were separated in time); *Mathis*, 2009 WL 4667094, at *11-*12 (noting the torts were separated by a decade); *Finderne*, 355 N.J. Super. at 209 (noting the torts were separated by time and caused different injuries); *Prospect Ashley Condo. Ass'n*, 2008 WL 108178 (noting the cross-claims were never served and that the cross-claimant had no evidence to support its theory).

contains no facts to support the existence of a contract, let alone the existence of one with an indemnification provision that could apply to the HHI Board Defendants. Indeed, McEnerney's new allegation directly contradicts its prior position that it did not have a contract with the HHI Board Defendants. (*See* Dkt. No. 86 at 15 ("McEnerney concedes that it does not have a contract with the individual HHI Board Defendants, and thus, any claim for indemnification cannot be predicated upon a contract.").) In addition, McEnerney's reliance on future discovery to uncover a possible basis for indemnification is not a ground to survive a motion to dismiss. *See Ogbin v. GE Money Bank*, Civ. No. 10-5651, 2011 WL 2436651, n.3 (D.N.J. June 13, 2011) ("A plaintiff's request for discovery cannot serve as a basis to deny a defendant's motion to dismiss, as the filing of such a motion serves to protect a defendant from being subjected to discovery, during which a plaintiff hopes that facts will be unearthed to support plaintiff's speculation."); *see also Giovanelli v. D. Simmons Gen. Contracting*, Civ. No. 09-1082, 2010 WL 988544, at *5 (D.N.J. Mar. 15, 2010) ("Discovery . . . cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded.") McEnerney's cross-claim for indemnification is dismissed.

### ii. Contribution

Like H&M's cross-claim for contribution, McEnerney's cross-claim for contribution against the HHI Board Defendants includes sufficient factual allegations to support a claim under the JTCL. It is possible that McEnerney may be able to show that the HHI Board Defendants are joint tortfeasors responsible for the same harm. The claims against these defendants overlap in time and allege the same injury (*i.e.*, the deepening of HHI's insolvency). The HHI Board Defendants' motion to dismiss McEnerney's contribution cross-claim is denied.

### c. Roberts Cross-Claims

Roberts' cross-claims for indemnification and contribution were premised on his liability to Plaintiff. Because the Court dismissed Plaintiff's only claim against Roberts, Roberts' cross-claims against the HHI Board Defendants, which are predicated on his liability to Plaintiff, are also dismissed.

## IV. CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 4th day of November 2013,

**ORDERED** that the HHI Board Defendants' Motion to Dismiss the Amended Cross-Claims of Defendants McEnerney, Brady & Company, LLC, Hodulik & Morrison, P.A., and David Roberts (Dkt. No. 113) is **GRANTED-IN-PART AND DENIED-IN-PART**; and it is further

**ORDERED** that Defendant Roberts' cross-claims for indemnification and contribution against the HHI Board Defendants are **DISMISSED**; and it is further

**ORDERED** that Defendant H&M's cross-claim for indemnification against the HHI Board Defendants is **DISMISSED**; and it is further

**ORDERED** that Defendant McEnerney's cross-claim for indemnification against the HHI Board Defendants is **DISMISSED**.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**