NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BERNARD A. KATZ, IN HIS CAPACITY AS DEBTOR REPRESENTATIVE AND LIQUIDATING TRUSTEE, OF THE ESTATE HUDSON HEALTHCARE, INC., | : <br> : <br> : Civil Case No. 13-1726 (FSH) <br> : |
| Plaintiff, | : **OPINION & ORDER** <br> : <br> : Date: November 14, 2013 |
| v. | : |
| HARVEY HOLZBERG, et al., | : |
| Defendants. | : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff Bernard A. Katz's Motion for Certification Pursuant to Federal Rule of Civil Procedure Rule 54(b) [Dkt. No. 120]. The Court has reviewed the submissions of the parties and considers the motion on the papers pursuant to Federal Rule of Civil Procedure 78.

## I.    BACKGROUND[1]

Plaintiff, Bernard A. Katz, in his capacity as Debtor Representative and Liquidating Trustee of the estate of Hudson Healthcare, Inc. ("HHI" or the "Debtor"), brought this action against several parties for alleged injuries caused to HHI and its creditors. Subsequently, Defendants Caulfield, Lawton, Corea, Kramer, Tomkins, and Nestor moved to dismiss Count IV

---

[1] A more detailed factual background may be found in the Court's prior Opinion addressing the Former Authority Board Members [Dkt. No. 114].

of the Plaintiff's complaint.  Defendants Roberts and Holzberg also separately moved to dismiss Count IV, relying on Caulfield, Lawton, Corea, Kramer, Tomkins, and Nestor's brief. Collectively these parties are referred to as "Former Authority Board Members."  On October 2, 2013, the Court granted the Former Authority Board Member's motion to dismiss [Dkt. No. 114].  Plaintiff now asks the Court to exercise its discretion and enter final judgment with respect to the now dismissed Former Authority Board Members under Rule 54(b) to allow for an immediate appeal.

## II.    DISCUSSION

Plaintiff asks the Court to certify as final under Rule 54(b) its Order from October 2, 2013 dismissing Count IV of the Complaint against the Former Authority Board Members.  Rule 54(b) states, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, ***the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay***.

Fed. R. Civ. P. 54(b) (emphasis added).  Certification under Rule 54(b) is within the sound discretion of the district court.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Such requests need not be granted routinely, and the party seeking certification bears the burden of demonstrating that certification is warranted.  *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992). In determining whether to certify a judgment, courts must first determine whether "it is dealing with a 'final judgment' . . . in the sense that it is 'an ultimate disposition of an individual claim entered in the course of multiple claims action.'"  *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (quoting *Curtiss-Wright*, 446 U.S. at 7). Then, the court must exercise its discretion to determine whether there is "any just reason for delay."  *Curtiss-Wright*, 446 U.S. at 8.  "Certification of a judgment as final under

Rule 54(b) is the exception, not the rule." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012).

There is no dispute that Plaintiff meets the first requirement of certification under Rule 54(b). The Court's Order was final as to the Former Authority Board Members as it dismissed with prejudice the only claims against those individuals in their role as Authority board members.[2]

Under the second step, the Court must determine whether there is "any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. Third Circuit has set factors that may be considered in determining whether just cause exists for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 144-45 (3d Cir. 2001). In this case, the factors weigh in favor of not certifying a final judgment under Rule 54(b).

For example, the counts remaining in this matter will likely involve some of the same witnesses and documentary evidence that was underlying Plaintiff's claims against the Former Authority Board Members. The essence of Plaintiff's claims is that, through various actions, HHI took on debt that it could not pay. (*See*, *e.g.*, Complaint ¶¶ 330, 336, 341, 352, 363, 368, 376, 382.) It is likely that some of the evidence underlying these claims is similar for the Former Authority Board Members and the remaining defendants, *e.g.*, HHI's financial progress over the

---

[2] Defendant Holzberg is still subject to Count I of the Complaint in his capacity as HHI's CEO.

relevant time period. Certification under Rule 54(b) is disfavored under these circumstances. *S.E.C. v. Lucent Technologies*, Civ. No. 04-2315, 2009 WL 4508583, at \*5-\*6 (D.N.J. Nov. 16, 2009); *see also Ortho–McNeil Pharm., Inc. v. Kali Labs., Inc.*, Civ. No. 02-5707, 2007 WL 1814080, at \*4 (D.N.J. June 20, 2007); *Zavala v. Wal-Mart Stores, Inc.*, Civ. No. 03-5309, 2007 WL 1134110, at \*2-\*3 (D.N.J. Apr. 16, 2007).

Considerations of judicial economy also militate against certifying under Rule 54(b). Certification at this stage could result in multiple appeals to the Third Circuit. Indeed, there are other parties in this matter that may want to appeal to the Third Circuit once there is a final judgment. Given the complexity and size of this litigation, such a serial appeal is a possibility, which would cause the Circuit to consider the same or similar facts in another potential appeal.

Finally, there is no danger of insolvency by the Former Authority Board Members given their status as former government officials and the existence of their directors and officers insurance policy ("D&O policy").

Plaintiff argues that allowing for immediate appeal from the Court's ruling will encourage settlement of the entire matter. But the status of this ruling and Former Authority Board Members' D&O policy is unlikely to affect the likelihood of the remaining defendants' settlement posture. In any event, even if the availability of an immediate appeal might encourage the settlement of the entire case, that possibility does not outweigh the other factors in this case. Given the facts of this case and considering all of the *Berckeley* factors, the Court finds that certification under Rule 54(b) is not appropriate.

### III.    CONCLUSION & ORDER

For the reasons stated above;

**IT IS** on this 14th day of November, 2013,

**ORDERED** that Plaintiff Bernard A. Katz's Motion for Certification Pursuant to Federal

Rule of Civil Procedure Rule 54(b) [Dkt. No. 120] is **DENIED**.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**